UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL TOLIVER,

                              Plaintiff,

**DECISION AND ORDER**

1:16-CV-263(RJA)(JJM)

v.

MICHAEL ROSBAUGH,

                              Defendant.
_____

        The parties' familiarity with the factual and procedural background of this case is presumed.  Before the court is plaintiff's motion to reopen discovery for the purpose of obtaining defendant's personnel file [79].[1]  Having considered the parties' submissions [79-81, 85] and heard oral argument on July 16, 2020 [86], the motion is denied.

### BACKGROUND

        Plaintiff commenced this 42 U.S.C. §1983 action *pro se*.  His remaining claim alleges that defendant, a Corrections Officer with the New York State Department of Corrections and Community Supervision ("DOCCS"), sexually assaulted him in January 2016 during pat frisks while he was incarcerated at the Livingston Correctional Facility.  Amended Complaint [12], First Claim.

        While proceeding *pro se*, plaintiff requested, *inter alia*, "sexual abuse complaints . . . [,] Prea [Prison Rape Elimination Act] Complaints . . . [, and] Inmate grievances of Physical and Sexual misconduct".  *See* Motion for Discovery and Inspection [36].  In response to that

---

[1]     Bracketed references are to CM/ECF docket entries.  Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

demand, defendant stated that DOCCS Office of Special Investigations, which maintains all PREA related complaints and grievances, had no record of any PREA related complaints or grievances against him, and that there was "no discipline, PREA related or otherwise" in his personnel file. Defendant's Response to Plaintiff's request for Production of Documents [40], pp. 5-6. Since plaintiff was not satisfied with that response, I conducted a telephonic conference on March 27, 2019, and deemed the dispute resolved, noting that "[u]nder ordinary circumstances, a party's good faith averment that the items sought simply do not exist . . . should resolve the issue of failure of production". March 27, 2019 Text Order [44], *quoting* Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 152 (S.D.N.Y. 1997).

Approximately five months after the close of fact discovery (Amended Case Management Order [43], ¶1), counsel was appointed in November 2019 to represent plaintiff. *See* November 19, 2019 Text Order [70]. At a February 12, 2020 conference with plaintiff's newly appointed counsel, it was agreed that defendant would be deposed, but that all other discovery was complete. *See* Second Amended Case Management Order [75], ¶1.

During defendant's May 8, 2020 deposition, he estimated that he had less than 20 grievances filed against him during his 31-year career with DOCCS. Defendant's deposition transcript [81-2], p. 116. Relying on that testimony, plaintiff seeks production of defendant's personnel file.

## DISCUSSION

Even if plaintiff had timely sought to compel production of defendant's personnel file, I would have denied the request, which is not materially different from the earlier dispute I resolved. Defendant's counsel again represents, as he did in March 2019, that there is no

discipline of any kind in defendant's personnel file, and that OSI has no record of any PREA related complaints or grievances against defendant. Sleight Declaration [85], ¶16. I have no reason to doubt counsel's representations as an officer of the court, which I am entitled to rely upon. *See* United States v. Johns, 336 F.Supp.2d 411, 424 (M.D. Pa. 2004) ("[t]he court is entitled to rely on the representations of counsel, as officers of the court"). *See also* Bank of New York, 171 F.R.D. at 152; Kinnee v. Shack, Inc., 2008 WL 1995458, *4 (D. Or. 2008) ("the court typically relies upon a party's representations about the information or documents it has produced").

Whereas some courts "have refused discovery requests seeking complaints of similar misconduct against corrections officer defendants in prisoner civil rights cases . . . if such complaints were unsubstantiated", others have ordered "production of prior complaints of misconduct by corrections officers without a finding that such complaints were substantiated upon subsequent official inquiry". Gross v. Lunduski, 304 F.R.D. 136, 144 (W.D.N.Y. 2014) (citing cases). However, it is unnecessary for me to resolve that conflict, since there is no indication that any other sexual assault grievances, whether substantiated or not, were filed against defendant.[2]

In any event, production of defendant's personnel file would not provide plaintiff with the grievances that he seeks. As defendant's counsel explains, "grievances are not indexed by individual corrections officers. Thus, in order to find those grievances related to Defendant,

---

[2] For the first time at oral argument, plaintiff pointed to the fact that New York Civil Rights Law §50-a, which provided a presumption in favor of the confidentiality of such personnel files, was recently repealed. "However, in federal civil rights cases such as this one, whether a record is privileged is dictated by federal law, not state law." Rossy v. City of Buffalo, 2020 WL 2833001, *3 (W.D.N.Y. 2020).

somebody at DOCCS would have to physically go through all of the inmate grievances filed at Livingston CF over the course of the last seven years". Sleight Declaration [85], ¶16.[3] Absent any indication that there were other grievances filed against defendant that contain similar claims as those alleged here, I find no reason to require DOCCS to undertake that task.

## CONCLUSION

For these reasons, plaintiff's motion to reopen discovery [79] is denied. Since pretrial proceedings have concluded, the parties are directed to contact Judge Arcara's chambers to schedule a trial date.

**SO ORDERED**.

Dated:   July 20, 2020

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[3]   DOCCS has a seven year retention policy for grievances.  Sleight Declaration [85], ¶16.